# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SAMANTHA AND RICARDEAU SCUTT

**(b)** County of Residence of First Listed Plaintiff PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
LAW OFFICES OF CHRISTOPHER HUDOCK, PLLC
6051 CASTOR AVENUE, PHILADELPHIA, PA 19149

**DEFENDANTS**
UNITED STATES OF AMERICA

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §§ 2671 et seq. (FTCA)

Brief description of cause:
PLAINTIFF WAS STRUCK BY A POSTAL SERVICE VEHICLE

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE 11/16/2026

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

Place of Accident, Incident, or Transaction: Unruh Avenue + Oakland St, Phila, PA.

***RELATED CASE IF ANY:*** Case Number:__________ Judge:__________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☒ 16. All Other Federal Question Cases. *(Please specify)*: FTCA Personal Injury

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):__________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*__________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SAMANTHA AND RICARDEAU SCUTT h/w**<br>**1836 Tolbut Street**<br>**Philadelphia, Pa 19152**<br><br>**Plaintiffs,**<br>**vs.**<br><br>**UNITED STATES OF AMERICA**<br>**C/O: THE OFFICE OF**<br>**ATTORNEY GENERAL OF THE UNITED**<br>**STATES 615 CHESTNUT STREET**<br>**PHILADELPHIA, PENNSYLVANIA 19101**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | <br><br>**CIVIL ACTION**<br><br>**NO:** |

**COMPLAINT**

Plaintiffs, SAMANTHA AND RICARDEAU SCUTT, by and through their counsel, bring this Verified Complaint against Defendants, the UNITED STATES OF AMERICA for damages and allege as follows:

**INTRODUCTION**

1. This action is brought by the Plaintiffs against the UNITED STATES OF AMERICA for bodily injury damages sustained by Plaintiff, SAMANTHA SCUTT, and Loss of Consortium damages suffer by Plaintiff, RICARDEAU SCUTT, as a result of the negligent actions or lack of action of the defendant and their agents, employees and/or servants.

**JURISDICTION AND VENUE**

2. This case arises under the laws of the United States of America and presents Federal Jurisdiction under the Federal Tort Claim Act 28 U.S.C. §§ 2671 et seq. (FTCA). As the Plaintiffs have exhausted their administrative remedy available under the FTCA and received a right to sue letter, jurisdiction is correctly with this Honorable Court. Venue is proper under 28

USC § 1391(b)(2) as a substantial part of the action giving rise to the Plaintiffs occurred within the Eastern District of Pennsylvania.

**PARTIES**

3. Plaintiffs, SAMANTHA AND RICARDEAU SCUTT are adult individuals and husband and wife, residing at 1836 Tolbut Street, Philadelphia, Pennsylvania 19152

4. Defendant, the UNITED STATES OF AMERICA is the sovereign responsible for the operation, actions and negligence. for the subdivision/department know as the United States Postal Service with a primary address as C/O: The Office Of Attorney General Of The United States 615 Chestnut Street Philadelphia, Pennsylvania 1910, with the United States Postal Service with a primary address of 475 L' Enfant Plaza SW Washington, DC 20260, with a registered office for the acceptance of service or a principal place of business with an office at 3000 Chestnut Street in the City and County of Philadelphia, Pennsylvania.

5. At all times relevant the workers and employees of the USPS were engaged, among other things, the delivery, pick-up and transportations of United States Mail.

6. At all times relevant and material to the Complaint, Defendant, UNITED STATES OF AMERICA, did act through their agents, servants, workmen, employees and/or representatives of the United Postal Service, said individuals acting within the course and scope of their employment and/or agency, particularly the operator of USPS vehicle #9211426.

## FACTUAL BACKGROUND

7. On or about November 18, 2024, at or about 7:15 p.m., Plaintiff, SAMANTHA SCUTT, was lawfully operating her motor vehicle on Unruh Avenue approaching the intersection with Oakland Street, in the City and County of Philadelphia in the State of Pennsylvania.

8. At the aforesaid time and place, the unknown operator of USPS vehicle #9211426, was traveling on Oakland Street when she attempted to cross Unruh Avenue, at which time she disregarded a stop sign and struck the driver's side of the Plaintiff's vehicle who was proceeding lawfully through the intersection.

9. The force of the impact caused Plaintiff's car spin out of control and finally coming to rest after striking another parked motor vehicle.

10. This collision resulted solely from the negligence and carelessness of the Defendant, UNITED STATES OF AMERICA, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

## COUNT I
## NEGLIGENCE

11. Plaintiff, SAMANTHA SCUTT, incorporates by reference thereto, paragraphs one through ten inclusive, as though same were set forth herein at length.

12. The negligence and carelessness of the Defendant, consisted of the following:

(a) failing to properly operate and control said motor vehicle;
(b) driving at an excessive and unsafe rate of speed under the circumstances;
(c) failing to maintain a proper and adequate lookout;

(d) failing to give proper and sufficient warning of the approach of said motor vehicle;
(e) failing to follow and observe traffic patterns and conditions;
(f) failing to bring his/her vehicle to safe stop in order to avoid a collision;
(g) failing to regard the rights, safety and lawful position of Plaintiff at the point aforesaid;
(h) causing a vehicular collision;
(i) failing to properly and adequately maintain said motor vehicle; and
(j) violations of the Ordinances of the City and County of Philadelphia and the statutes of the Commonwealth of Pennsylvania governing operation of motor vehicles, including, but not limited to, 75 Pa.C.S.A. § 3714, § 3323 and § 3309.

13. As a direct result of this accident, plaintiff, SAMANTHA SCUTT, has suffered injuries, which are serious and permanent, including, but not limited to: **Injury of head, initial encounter, Concussion without loss of consciousness, initial encounter, Strain of neck muscle, initial encounter, No acute intracranial abnormality, Disc osteophyte complexes at C5/C6 and C6/C7 with anterior osteophyte formation and mild central canal stenosis. Degenerative uncovertebral hypertrophic changes, Initial encounter of strain of muscle, fascia and tendon of neck level, Cervical strain and sprain, Cervicalgia, Thoracic strain and sprain, Mid back pain, Initial encounter of strain of muscles, fascia and tendon of lower back, Lumbar strain and sprain, Low back pain/Lumbalgia, Left shoulder pain, Right ankle/foot pain, Straightening of the lumbar lordosis compatible with muscle spasm, L5-S1, 3mm bulge is seen. Both foramina are mildly narrowed. Bilateral hypertrophic facet disease is seen, L4-L5, annular tear with left paracentral herniated disc measures 4mm. Superimposed bulge is seen. Moderate to severe left**

**and mild to moderate right foraminal stenosis. Canal is moderately stenotic. Hypertrophic facet disease and ligamentum flavum hypertrophy contribute. Bilateral facet joint effusions are present, L3-L4, bilobed 3mm bulge is seen. Both foramina are mildly narrowed. Canal is borderline stenotic, Bilateral hypertrophic facet disease is seen, Initial encounter of strain of muscle, fascia and tendon of neck level, Cervical strain and sprain, Cervicalgia, Thoracic strain and sprain, Mid back pain, Initial encounter of strain of muscle, fascia and tendon of lower back, Lumbar strain and sprain, Low back pain/Lumbalgia, Lumbo-sacral radiculopathy Lumbar radiculopathy, Left S1 radiculopathy, Cervicalgia, Dorsalgia, Acute bilateral low back pain without sciatica, Strain, cervical, initial encounter, Strain of thoracic back region, Strain of lumbar region, initial encounter, Acute nonintractable headache, unspecified headache type, DDD (degenerative disc disease), cervical, Cervical stenosis of spine, Bilateral carpal tunnel syndrome, Closed fracture of transverse process of lumbar vertebra, Slight prominence of the C7 transverse process, Healing slightly displaced fracture left L1 transverse process, There is distortion of the left L1 transverse process with linear lucency and adjacent sclerosis suggesting healing slightly displaced fracture, There are diffuse hypertrophic degenerative changes involving the lumbar facets from L3 through S1, There is degenerative grade 1 anterolisthesis of L4 over L5 and trace degenerative anterolisthesis of L3 over L4, Disc space narrowing at L4-5. Intervertebral disc disorders with radiculopathy, lumbar region, Low back pain, Strain of muscle, fascia and tendon of lower back, Pain in thoracic spine, Cervicalgia, Strain of muscle, fascia and tendon at neck level, Spondylosis without myelopathy or**

**radiculopathy, lumbar region, Spondylosis without myelopathy or radiculopathy, lumbosacral region, Pain in thoracic spine, Facet Joint Injection: Lumbar Bilateral L3-4, Bilateral L4-5 and Bilateral L5-S1.**

**Bilateral Thoracic Trigger Point Injection**

14. As a further result of this accident, plaintiff, SAMANTHA SCUTT, has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

15. As a further result of this accident, plaintiff, SAMANTHA SCUTT, has and may suffer severe loss and impairment of her earning capacity and power, and may continue to suffer such a loss for an indefinite time in the future.

16. As a further result of this accident, plaintiff, SAMANTHA SCUTT, has been unable to attend to her daily chores, duties, and occupations, and she may be unable to do so for an indefinite time in the future.

17. As a direct result of this accident, plaintiff, SAMANTHA SCUTT, has and may continue to in the future incur other financial expenses or losses to which she may otherwise be entitled to recover.

18. As a further result of the accident, plaintiff, SAMANTHA SCUTT, has suffered severe physical pain, aches, mental anguish and humiliation, inconveniences and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

19. The injuries sustained by plaintiff, SAMANTHA SCUTT, as set forth above, are serious injuries, which resulted in the permanent loss of a bodily function and/or a permanent disfigurement.

**WHEREFORE**, plaintiff, SAMANTHA SCUTT, demands judgment and compensatory damages, against defendant, **UNITED STATES OF AMERICA**, in a sum not in excess of $150,000.00, plus interest, costs and attorney's fees.

## COUNT IV – LOSS OF CONSORTIUM

20. Plaintiff, RICARDEAU SCUTT, incorporates by reference thereto, paragraphs one through Nineteen, as though same were set forth herein at length.

21. As the direct result of the aforesaid accident, plaintiff, RICARDEAU SCUTT, has been obligated to incur various expenses for the medical attention and care required of the plaintiff, SAMANTHA SCUTT, and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

22. As a further result of this accident, plaintiff, RICARDEAU SCUTT, has and may continue to, in the future incur other financial expenses and losses on behalf of plaintiff, SAMANTHA SCUTT, to which he may otherwise be entitled to recover.

23. As a result of this accident, plaintiff, RICARDEAU SCUTT, has and may continue to suffer the loss of services, support and consortium of his spouse, SAMANTHA SCUTT.

**WHEREFORE**, plaintiff, RICARDEAU SCUTT, demands judgment and compensatory damages, against defendant, **UNITED STATES OF AMERICA**, in a sum not in excess of $150,000.00, plus interest, costs and attorney's fees.

LAW OFFICES OF CHRISTOPEHR HUDOCK, PLLC

By: ______________________________

Christopher A. Hudock, Esquire
Attorney for Plaintiff

Dated November 16, 2026